IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **INTERACTIVE LIFE FORMS, LLC** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 1:12-CV-1182 |
| § | |
| **KEITH WENG, HAO QI WENG,** § | |
| **MARTIN LOGAN, LEGEND TOYS, and** § | |
| **CHERRY EROTIC,** § | |
| § | |
| **Defendants.** § | |

## COMPLAINT

Plaintiff Interactive Life Forms, LLC ("ILF") files this Complaint against Defendants Keith Weng, Hao Qi Weng, Martin Logan, Legend Toys, and Cherry Erotic, and alleges the following.

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*; for trademark infringement and unfair competition under the United States Trademark (Lanham) Act 15 U.S. C. § 1051, *et seq.*; and for Fraud on the Trademark Office and Trademark Cancellation under 15 U.S.C §§ 1119 and 1120.

2.      This lawsuit is brought to stop Defendants from infringing Plaintiff ILF's valuable intellectual property, including Plaintiff ILF's trademarks and a patent relating to its Fleshlight product. Plaintiff ILF has invested significantly in Fleshlight products and enjoys widespread consumer success. Defendants' Lovelight product, as well as their registered "La ViVA Lovelight" trademark, an alleged "Lovelight" trademark, and the term "Flesh LoveLight," are an apparent intentional effort to imitate the successful product and trademark of Plaintiff ILF's Fleshlight product. Defendants' infringement of Plaintiff ILF's intellectual property rights harms

ILF, as well as its customers who may be confused and deceived by Defendants' products. Plaintiff ILF respectfully seeks intervention of this Court to stop Defendants from continuing their infringement.

## THE PARTIES

3.      Plaintiff Interactive Life Forms, LLC ("ILF") is a Texas limited liability company with its principal place of business at 4401 Freidrich Lane, Suite 302, Austin, Texas 78744.

4.      On information and belief, Defendant Keith Weng is an individual residing at 14/89 Gow Street, Padstow, New South Wales, Australia 2211.

5.      On information and belief, Defendant Hao Qi Weng is an individual residing at 19 Pittwater Road, Gradesville, New South Wales, Australia, New South Wales.

6.      On information and belief, Defendant Martin Logan is an individual residing in New South Wales, Australia.

7.      On information and belief, Defendant Legend Toys is an Australian company doing business through a web site available at: http://www.legend-toys.com.

8.      On information and belief, Defendant Cherry Erotic is an Australian company doing business through a web site available at: http://www.cherryerotic.com.au.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

10.     This Court has personal jurisdiction over each of the Defendants.  Each Defendant conducts business within the State of Texas by way of, at a minimum, an Internet business as well as business related communications directed to individuals in Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for

sale, sells, and advertises its products in the United States, the State of Texas, and the Western District of Texas. Each Defendant has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Western District of Texas.

11.     Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

12.     The FLESHLIGHT trademark issued on February 23, 1999 as U.S. Registration No. 2,225,503 on the principal register.

13.     Plaintiff "ILF" is a Texas company designing, manufacturing, and selling adult toys in Texas. ILF has been selling its "Fleshlight" product since 1996. From at least June 1997 until the present, ILF, or its legal predecessor in interest, has continually used the FLESHLIGHT trademark, as well as variations of the FLESHLIGHT trademark in commerce, throughout Texas and elsewhere.

14.     Since 1997, ILF has established substantial goodwill to its customers with its FLESHLIGHT trademark. ILF has developed an excellent reputation throughout the United States, as well as internationally. In addition, ILF has invested significantly in advertising the FLESHLIGHT trademark in association with its products.

15.     Plaintiff ILF is the exclusive licensee of U.S. Patent No. 5,807,360 (the '360 patent), duly and properly issued by the U.S. Patent and Trademark Office on September 15, 1998. In part, the '360 patent claims a product associated with the FLESHLIGHT trademark.

16.     Steven A. Shubin owns all right, title, and interest in the '360 patent and the FLESHLIGHT trademark.

17.     Plaintiff ILF is the exclusive licensee of the FLESHLIGHT trademark and was granted the exclusive right to enforce the FLESHLIGHT trademark.

18.     On information and belief, Defendant Legend Toys operates an online e-commerce site with a principal place of business in New South Wales, Australia.  Defendant Martin Logan is the Marketing Director of Legend Toys.  On or about December 26, 2012, Defendant Logan e-mailed Steve Shubin, the owner of the '360 patent and the registered FLESHLIGHT trademark.  Defendant Logan informed Mr. Shubin that Logan, and thus Legend Toys, was "responsible for the *Lovelight*."

19.     Furthermore, the December 26, 2012 e-mail from Defendant Logan references additional e-mails between himself, Defendant Weng, Steven Shubin, and Matthew Esber, General Counsel of ILF.  In the referenced e-mails, dating back to November 22, 2011, Defendant Weng informs Mr. Shubin of his "new product" – Lovelight.

20.     On information and belief, Defendant Martin Logan is also associated with Cherry Erotic, an online e-commerce site selling and distributing the infringing products under the *Lovelight* trademark.

21.     On information and belief, Defendant Hao Qi Weng filed for registration of the trademark "La ViVa Lovelight" on March 6, 2011.  The trademark "La ViVa Lovelight" is allegedly associated with "Adult sexual stimulation aids..." and was allegedly first used in commerce on May 28, 2009.

22.     On information and belief, Defendants intend to trade, market, sell, and distribute the infringing products at the AVN Adult Entertainment Expo in Last Vegas on January 16-19, 2013.

## COUNT ONE
## **PATENT INFRINGMENT**

23. Plaintiff ILF re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

24. Plaintiff ILF is the exclusive licensee of U.S. Patent No. 5,807,360 (the '360 patent), entitled "Device for Discreet Sperm Collection," duly and properly issued by the U.S. Patent and Trademark Office on September 15, 1998. A copy of the '360 patent is attached as Exhibit A.

25. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing both the '360 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by the claims of the '360 patent, including, by way of example and not limitation, the La Viva Lovelight and products sold under similar names by Defendants.

26. Defendants have profited through the infringement of Plaintiff ILF's '360 patent. As a result of Defendants' unlawful infringement of the '360 patent, ILF has suffered and will continue to suffer damage. ILF is entitled to recover from Defendants the damages suffered by ILF as a result of Defendants' unlawful acts.

27. On information and belief, Defendants' infringement of the '360 patent is willful and deliberate, entitling ILF to enhanced damages and reasonable attorney fees and costs.

28. On information and belief, Defendants intend to continue their unlawful infringing activity, and ILF continues to and will continue to suffer irreparable harm from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT TWO
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 AND <u>UNFAIR COMPETITION UNDER 15 U.S.C. § 1125</u>

29. Plaintiff ILF re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

30. Plaintiff ILF is the exclusive licensee of the FLESHLIGHT trademark. The FLESHLIGHT trademark issued on February 23, 1999 as U.S. Trademark Registration No. 2,225,503 (the '503 Registration) on the principal register. A copy of the FLESHLIGHT trademark registration is attached as Exhibit B.

31. The '503 Registration for the FLESHLIGHT trademark is in full force and effect.

32. Plaintiff ILF first used the FLESHLIGHT trademark in the United States at least as early as June 17, 1997.

33. As a result of Plaintiff ILF's longstanding and continuous use, substantial sales, and widespread distribution of such efforts in commerce throughout the United States, the FLESHLIGHT trademark has become well known and accepted by the public, and serves to distinguish ILF's goods from those of others.

34. Defendants use of the LA VIVA LOVELIGHT trademark in connection with, in part, adult toys, is likely to cause confusion, to cause mistake, or to deceive the public into believing that the adult toys sold by Defendants originate with Plaintiff ILF, are associated with ILF, are sponsored by ILF, are offered with the approval of ILF, and/or are offered under ILF's supervision and control.

35. In addition, Defendant Logan has alleged that Legend Toys has a registered trademark for "LOVELIGHT."

36. Moreover, at this time the website located at http://www.myshopping.com.au/ZM--1213038063_La_Viva_Flesh_LoveLight_Pink is advertising a "Flesh LoveLight" for sale.

37. Defendants' use of the LA VIVA LOVELIGHT trademark was expressly intended or designed to cause such actual confusion and/or likely further and future confusion. And the above actions with respect to "LOVELIGHT" and "Flesh LoveLight" were expressly intended or designed to cause such actual confusion and/or likely further and future confusion.

38. Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a)(1).

39. On information and belief, Defendants acts have been and are being committed with the deliberate purpose and willful intent of appropriating and trading upon Plaintiff ILF's goodwill and reputation.

40. Defendants' activities entitle Plaintiff ILF to damages, including but not limited to enhanced damages and attorneys' fees, under 15 U.S.C. § 1117.

41. On information and belief, Defendants intend to continue their unlawful infringing activity, and Plaintiff ILF continues to and will continue to suffer irreparable harm from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT THREE
## TRADEMARK CANCELLATION

42. Plaintiff ILF re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

43. On information and belief, Defendant Weng failed to disclose knowledge of the FLESHLIGHT trademark when he filed for La ViVa Lovelight on March 6, 2011. Plaintiff ILF's use of the FLESHLIGHT trademark has been well known in the industry since at least 1997;

whereas, Defendant Weng declared that the date La Viva Lovelight was first used in commerce was May 28, 2008, a full twelve years after the first use of the FLESHLIGHT trademark.

44. Defendant Weng was aware that registration of La Viva Lovelight trademark was likely to cause confusion, or to cause mistake, or to deceive.

45. Had the USPTO known of the FLESHLIGHT trademark at the time of Defendant Weng's registration of La Viva Lovelight, the La Viva Lovelight trademark would not have been registered to Defendant Weng.  Defendant Weng's knowingly false and material failure to disclose the FLESHLIGHT trademark to the USPTO violated 15 U.S.C. § 1120.

46. Plaintiff ILF therefore seeks an order from the Court ordering the Commissioner of Patents and Trademarks to cancel the registration of the La ViVA Lovelight trademark pursuant to 15 U.S.C. §§ 1119 and 1120.

## DEMAND FOR A JURY TRIAL

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF ILF respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff INTERACTIVE LIFE FORMS LLC requests entry of judgment in its favor and against Defendants including the following:

a) For a judgment declaring that Defendants have infringed the '360 patent;

b) For a judgment awarding Plaintiff ILF compensatory damages as a result of Defendants' infringement of the '360 patent, together with interest and costs;

c) For a judgment declaring that Defendants' infringement of Plaintiff ILF's patents has been willful and deliberate;

d) For a judgment awarding Plaintiff ILF treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of Plaintiff ILF's patent;

e) For a judgment finding that this is an exceptional case and awarding attorney fees to Plaintiff ILF under 35 U.S.C. § 285;

f) For a judgment declaring that Defendants' offer for sale and sale of adult toys bearing the terms "La Viva Lovelight," "LOVELIGHT," and "Flesh LoveLight" infringe Plaintiff ILF's FLESHLIGHT trademark under 15 U.S.C. § 1125(a), and also that Defendants' acts constitute willful infringement under 15 U.S.C. § 1117;

g) Defendants be ordered to pay any and all damages available under 15 U.S.C. § 1117, including court costs, expenses, enhanced damages, and attorney's fees;

h) For a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement;

i) For an order from the Court ordering the Commissioner of Patents and Trademarks to cancel the registration of the "La ViVA Lovelight" trademark pursuant to 15 U.S.C. §§ 1119 and 1120; and

j) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of December, 2012,

  s/Charles J. Rogers
**STEWART N. MESHER**
TX Bar No. 24032738
smesher@conleyrose.com
CONLEY ROSE, P.C.
2508 Ashley Worth Blvd., Suite 200
Austin, TX 78738

**CHARLES J. ROGERS**
TX Bar No.00786205
CRogers@conleyrose.com
CONLEY ROSE, P.C.
1001 McKinney St., Suite 1800
Houston, TX 77002-6421

**MICHELLE N. SAFER** (*pro hac vice to be filed*)
TN Bar. No. 029714
msafer@conleyrose.com
CONLEY ROSE, P.C.
2508 Ashley Worth Blvd., Suite 200
Austin, TX 78738

**ATTORNEYS FOR PLAINTIFF
INTERACTIVE LIFE FORMS, LLC**